The final case today is Sawyer v. United States. Mr. Hillis. May it please the court, counsel. Following his lawyer's advice to reject a 15-year plea offer from the government, Mr. Sawyer went to trial. That's the question, Mr. Hillis, whether there was such advice. We need to discuss what the record shows about whether there was a need for a hearing. You can't assume the answer in making your argument. Fair point, Your Honor. And so the government has never disavowed the existence of a plea offer. It instead says that it was informal versus formal. But under YANAS, or Santabello for that matter, we know that plea agreements need not be written to be binding. And an informal offer is an offer all the same. So I think that we can accept from the government's position in the district court and its briefing for this appeal that there was an offer. Characterize it as you will, informal or formal. And so that should be enough, incidentally, to get us through the door for an evidentiary hearing on 2255B. And the essential problem here, of course, is that the district court denied my client the right to that hearing. It is a low bar to get that hearing, and it should be. But district courts, I think, are not inclined to give petitioners evidentiary hearings, despite what this court has said in Martin about evidence can consist of a copy of a plea agreement, representations about its details, and even uses at the end of all the things that it says can get you through the door, etc. My client has affidavits. My client's made representations under oath. There's also the information that the government said about a plea agreement with no particulars. That's enough to get through the door to have the hearing. So was a plea offer communicated to Mr. Sawyer before trial? Yes, as I understand it. What were its terms? Fifteen years, and I don't know any more particulars. That's it? Yes. That saying it was communicated to him seems inconsistent with some of the affidavits that he submitted from his mother and his grandmother, right? Right. My client's not sophisticated. His mother, his grandmother submitted materials. He was not responsible, as I understand it, for what the contents of those were. They represented what their understandings were. The district court, though, should have a hearing to resolve these things. It sounds like you're saying there needs to be a hearing to resolve the contradictions among the defendant's petitioner's evidence. My client has stated it was a 15-year offer. If his family misunderstood what that essential term was, I don't think that's in any way dispositive. His family also says if that had been offered, he would have accepted it. But for the advice of counsel? It was offered to me. There's a lot of confusion here, but it's all on one side. I think there is some inconsistency on the government side of the ledger as well, saying whether or not there was a plea offer. They say they're hedging. They're just saying there was no formal plea offer. We'll ask. But any factual inconsistencies in my unsophisticated client's attempts to get through the door need to be resolved in the 2255B evidentiary hearing. The district court said you didn't meet the threshold. He did. So far as establishing whether or not there was an objective failure to offer reasonable advice, there was. If my client is to be believed, and we don't have, again, the necessary facts to show that he can't be believed, he had an unwinnable case and was advised to reject the 15-year plea offer because he'll do no worse. Why do you say it was unwinnable? Here's what concerns me. The kinds of witnesses the government has to put on in cases like this are often very vulnerable and fragile. I've seen, for example, cases involving the production of child pornography where a defendant forces the victim to go to trial, even his own child to go to trial, in the hope that the witness will crumble. If the witnesses don't crumble, then it looks like an unwinnable case. It probably is. But before trial, there's the hope that the government's case may fall apart because of these fragile witnesses. And the approach Mr. Sawyer is taking here, again, seems to offer the best of both worlds to a defendant. I get to force the government to put these fragile witnesses on trial on the stand in the hope that they'll collapse. And if they don't, then I can try to take advantage of the plea offer and blame it on my lawyer. It's a tough row to hoe to try to get relief through habeas when this is all said and done as a matter of strategy, Judge. But I said unwinnable. Virtually unwinnable, whatever the phraseology is from the cases that we have, it doesn't require that it be unwinnable. It's an objectively reasonable bit of advice that you give your client to reject the plea offer. And here, in light of what the evidence shaped up to be, and that's the relevant juncture, right? To assess it at the time when you're rejecting the plea offer. This was unreasonable advice if it was given to reject this plea offer. And my client went to trial. The government said it had overwhelming evidence. I agree. And my client then went down and got a 15, excuse me, instead of a 15-year sentence, which his lawyer apparently told him, you know, to your point about whether it's winnable or not, you're going to get 15 years if you go to trial and lose. So that's an important fact here. And my client does go to trial and doesn't get 15 years, he gets 50. So that shows prejudice. And I think for all of these reasons, to resolve the factual issues, we need the 2255B evidentiary hearing. And then to establish the Strickland standards, you know, we'll handle that once evidence is produced. My client's in a jail cell, prison cell. He's not had any ability to get discovery on this, and yet we've kept him out of the courthouse by pointing to the lack. What discovery does he need? I think he'd like to probably depose his lawyer if he is to go forward on this, get better information from the government's lawyers if they need to be deposed, from any witnesses in the case about the existence of a plea offer. I don't know it will consist of judges. The problem is he has no access because he's in a prison cell. And then we point to these people and say, you didn't come through with enough information and seem to have taken no notice of the fact they can't get it. And the judge could order additional discovery in the case, but he didn't elect to do that. For all these reasons, we think that the judge erred by not having the evidentiary hearing. We ask that at a minimum that be given. It's appropriate with what the case law requires and what the statute said should be available. And then we can take it from there. Thank you. Thank you, Mr. Hillis. Mr. Foy. May it please the court. Good morning. The district court did not abuse its discretion in denying Mr. Sawyer an evidentiary hearing on his 2255 motion. Mr. Sawyer had to come forward, as we know from Martin and Guy Ovasquez, with some threshold showing of evidence. Okay. He comes forward with an affidavit saying, my lawyer told me there was a 15-year offer. Why is that not evidence that there was a 15-year offer? Well, he contradicted himself, Your Honor. And the evidence was on both sides of the issue. All of the evidence that he produced amounted to virtually his say-so. There was an affidavit. I hate to tell you, but all the time we get lawyers saying, well, it's just his say-so, so it doesn't count. We actually had a couple of panel opinions of the Seventh Circuit say that once, and we've overruled them and said the fact that the affidavit is just the interested party's say-so doesn't make it less evidence. And a district judge can't believe, can't refuse to believe an affidavit without hearing. Right. And he can't. So why are you saying, well, it's just his say-so? Most interested parties' affidavits are just their say-so. But that's what sets up a need for a hearing. He contradicted himself. Your Honor, he contradicted himself. Now that happens, too. So the district court, faced with this contradiction. There's a material dispute about whether there was an offer and about when the offer was conveyed, if it was ever conveyed to Sawyer, before trial, after trial, and then there's a potential dispute about what his lawyer counseled him about that. But the fact that there's a material dispute is a reason to hold a hearing, not a reason not to hold a hearing. It's a dispute that he created among himself, Your Honor, among his own papers. We have some precedent saying if somebody produces inconsistent affidavits, that's the same as withdrawing the lawsuit. No, we don't. Counsel, is there anything the government said that you would construe as an offer? I'm sorry, Your Honor? Was there anything the government said to the defendant or his lawyer that you could construe as an offer? From the government's response, we know in the district court. Questions capable of a yes or no answer. Well, I don't know of any such offer from the government. The government denies the existence of such an offer. The government denied that there had been a formal plea offer. That's right. I was talking about something wearing a tuxedo. I want to know, was there any evidence at all that the defendant or his lawyer was offered a plea agreement? Does the government take a position that there was none? The government... I'm trying to answer this, Your Honor. The government position was that no formal offer had been made. It did not exclude... It did not take the tuxedo off. What the hell was there in the terms of what the government said to him that could be construed as a possible offer? Anything. Other than what I've just said, nothing, Your Honor, from the government. What did you just say, other than no formal offer? What informal offer was offered? I'm not aware of any such informal offer. The answer is there was no offer at all. Right, that's right. Why are you talking about formal offers if there was no offer at all? I talk about formal offer, Your Honor, because that's the way that the government framed its response to the district court. I understand that, but why? If there was no offer at all, why make it a formal or informal? The reason the government framed its answer that way, Your Honor, was based on a reading of Frye. Missouri v. Frye, which said that... What did the government say to the trial court relative to the offer? I'm sorry, Your Honor. The defendant said there was an offer. Right. What did the government say in response to that? That there had been no formal plea offer. That's what you said to the district court? Yes. And what did the district court say? The district court said that the defendant's papers, his affidavit and his petition, was not sufficiently particularized to create an issue about whether, in fact, a plea offer had been made. An interesting observation. So the district court is left with a sort of a mess of the defendant's... If you put to one side the contention that any party who produces conflicting evidence is never entitled to an evidentiary hearing, what is it that's missing? If the contention of the defendant is that a plea offer was conveyed to his lawyer, but his lawyer did not pass it on to him until too late, how is the defendant ever going to provide a copy of the offer? That seemed to be the theme. District court said, well, he hadn't produced a copy of the offer, so it's not particularized. But if the lawyer hasn't passed it on to him, how exactly does he do that? As we know from Martin, there are other ways to prove the existence of a plea offer. Correspondence from an attorney, a draft of the plea. The theory of this case is that a plea offer was made to his lawyer, and it was either not conveyed adequately to him or conveyed too late. If the lawyer is trying to engage in self-protection, and that's been known to happen, the lawyer won't provide it in the 2255 action. The lawyer is apt to deny that any such thing happened. We're going to end up with an unedifying swearing contest between the defendant and his lawyer, perhaps between the defendant and his lawyer and the lawyer for the government. But are you really arguing that there is no evidentiary hearing in these cases unless either the prosecutor or the defense lawyer produces a copy of a written offer? No, I'm not taking that position. What is it that a defendant might have in a situation where he says, the lawyer did not pass this thing on to me properly, that he might be able to produce beyond his say-so? Well, in his case, he said he learned of the offer after trial, that it hadn't been passed on to him earlier. Presumably he saw the offer or learned some papers relating to the offer. No, presumably he didn't say that. He said his lawyer informed him about it. Right. Right? He didn't say he passed on a copy of anything. Well, you know, in that case, Your Honor, I can't think of anything that the defendant would have. If the lawyer was to simply deny what had taken place, I don't know. Well, the Supreme Court said it can be a violation of the Constitution for a lawyer to fail to pass a plea offer on to the accused. Right. And what you're saying, effectively what your brief says is, if the lawyer fails to pass the plea offer on to the accused, then there can never be a hearing to determine whether he failed to pass it to the accused. Because since the accused won't have a copy, he can never get an evidentiary hearing. I believe the words, that can't be right, are next. Right. I don't think I, well, I don't mean to take that position, Judge. Our position was that the district court, in looking at the varying positions that Sawyer had taken in his petition and his affidavit. So perhaps you could cite some case from the Seventh Circuit which says that if a party files contradictory affidavits, that's the equivalent of withdrawing his suit. Because that's the argument you're now making. Somebody who files contradictory affidavits just can't ever get a hearing. Go away. I don't think I'm saying that, Your Honor. I think I'm saying that. Well, then why doesn't this man get a hearing? He's filed contradictory affidavits. That's fine. The contradiction in his mother's affidavits is even clearer. Right. So what rule of law is it that says that a party who files contradictory affidavits can't get a hearing? The district court has to exercise its discretion. I don't think there's any discretion here. Where did we say district judges have discretion in those cases? It exercises discretion in determining whether Sawyer had come forward with enough to entitle him to a hearing. And he's produced self-contradictory. There is no doubt, it seems to me, that the final affidavit is enough unless you adhere to the requirement that you have to produce a copy of a written plea offer. Right. So you seem to be saying that even if there's a perfectly clear affidavit, enough to create a material issue of fact, if it's inconsistent with any other affidavit, the judge doesn't have to hold a hearing. So I'm asking you, where is that rule of law established? I can't point to anything other than the court's discretion in assessing the evidence. We just get cases all the time where litigants contradict themselves. We do have a rule that says that if a litigant at a deposition swears under oath that X, Y, and Z are true, he can't get a hearing by contradicting his own deposition unless he gives a reason. We don't have any such rule about inconsistent affidavits. And the rule is not absolute because it allows a person, even when contradicting his own deposition, to give a reason why he needs to correct his deposition. Right. You're approaching this as if it were the first time in American judicial history that we had contradictory affidavits. We get these cases a lot, and we've got law on them. Right. And the district court does, too, Your Honor. And in assessing whether Sawyer had met his burden, the district court looked at the totality of what he'd produced and concluded that it wasn't enough. It's our position that it wasn't an abuse of discretion. And you just can't cite any decision of the Seventh Circuit ever sustaining a position like that. The Troy Martin case, but that doesn't cover the case that you asked about. Martin was decided, I think, after this happened. Is the government now, at least in the Northern District, making a record in the district court about what offers were and were not made when somebody goes to trial? I know Martin beseeched the government to do that. Yes. And I can't say whether or not it's actually happening in every case, but I believe the court's advice has been disseminated to the office. I'll take that with a grain of salt with which it was offered. Yes. Thank you. And I'm waiting for the next case to say the government said then that no offer had been made, but it wasn't true. Thank you, Mr. Fullerton. Thank you, Your Honor. Mr. Hillis, anything further? I'll ask the panelists questions. Doesn't look like it. Thank you very much. The case is taken under advisement and the court will be in recess. He's got nothing up here. There was no plea. Thank you. I just wanted to stop for a second. Thank you. I was looking for you downstairs. You available? Yeah, yeah, yeah. Yeah, just come on by. Okay. I'm just doing some business.